UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| v. | : | 18 U.S.C. § 371 |
| NILESH DASONDI | : | |
| KISHOR PARIKH | : | Mag. No. 08-7091 |
| DEVANG PATEL | : | |
| VIMAL PATEL | : | **UNDER SEAL** |
| HETAL SHAH | : | |
| CHETAN TRIVEDI | : | |
| AJIT VYAS | : | |

## CRIMINAL COMPLAINT

I, Michael Mikulka, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

From in or about January of 2002 through in or about June of 2008, in Middlesex County, in the District of New Jersey, and elsewhere, the defendants did

> knowingly and willfully conspire and agree with each other and others to, under penalty of perjury pursuant to Title 28, United States Code, Section 1746, subscribe as true, false statements with respect to a material fact in any application, affidavit, or other document required by the immigration laws and regulations prescribed thereunder, and knowingly present any such application, affidavit or other document which contains any such false statements and fails to contain any reasonable basis in law or fact, knowing that the application, affidavit or other documents were false, contrary to Title 18, United States Code, Sections 1546(a) and 2, in violation of Title 18, United States Code, Section 371.

I further state that I am a Special Agent with the United States Department of Labor, and that this complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached pages and made a part hereof.

Michael Mikulka, Special Agent
United States Department of Labor

Sworn to before me and subscribed in my presence,
June ___, 2008, at Newark, New Jersey

HONORABLE ESTHER SALAS
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

ATTACHMENT A

I, Michael Mikulka, Special Agent United States Department of Labor, having conducted an investigation and having spoken with other individuals, have knowledge of the following facts:

1.   During the course of the conspiracy, defendant, NILESH DASONDI ("DASONDI"), was the principal of Cygate Software & Consulting, Inc. ("Cygate"), a company based in Edison, New Jersey specializing in information technology consulting. Cygate's employee base consists primarily of aliens seeking to work and live in the United States. Under the direction of DASONDI, Cygate facilitates alien employees' procurement of both temporary work visas ("H-1B Visa") and employment-based permanent legal resident status ("Green Cards") by petitioning the United States government on the alien employees' behalf.

2.   During the course of the conspiracy, KISHOR PARIKH, DEVANG PATEL, VIMAL PATEL, HETAL SHAH, CHETAN TRIVDEI, AJIT VYAS, along with CO-CONSPIRATOR 1 ("CC-1") and CO-CONSPIRATOR 2 ("CC-2") (collectively, the "Alien Employees") were aliens who submitted or caused to be submitted false and fraudulent paperwork to the United States government in order to obtain H-1B Visas and Green Cards based on purported employment with Cygate.

3.   During the course of the conspiracy, documents submitted on behalf of the Alien Employees in support of the issuance of H-1B Visas and Green Cards were submitted to respective government agencies under penalty of perjury.

## H-1B VISA APPLICATION PROCESS

4.   An H-1B Visa may be issued to qualified alien job applicants seeking temporary work in the United States in one of several Specialty Occupations, which occupation generally is defined as one requiring a "theoretical and practical application of a body of knowledge in professional fields and at least the attainment of a bachelor's degree, or its equivalent, as a minimum for entry into the occupation in the United States." Information technology consulting is a Specialty Occupation.

5.   In order for an alien to secure an H-1B Visa, a prospective employer, like Cygate, first must file with the Department of Labor ("DOL") an ETA-9035 Labor Condition Attestation attesting to, among other things, its need for qualified Specialty Occupation workers and its ability to pay such workers.

6.   If the DOL finds that the prospective employer has demonstrated its need for qualified Specialty Occupation workers and approves its ETA-9035 Labor Condition Attestation, the employer must then file an I-129 Petition for a Nonimmigrant Alien Worker with the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS") and the

Department of State ("DOS"). By way of that petition, the employer requests that USCIS and DOS issue an H-1B Visa for the alien employee listed on the job offer letter from the employer to the prospective alien employee, which is attached to the petition.

7. This same process – of first filing an ETA-9035 Labor Condition Attestation with DOL and, on its approval, later filing an I-129 Petition for a Nonimmigrant Alien Worker with USCIS and DOS – also can be used to extend an existing H-1B Visa with the same employer or transfer an alien's existing H-1B Visa to a different petitioning employer.

## PERMANENT RESIDENCY APPLICATION PROCESS

8. In order for an alien to secure a Green Card in the United States, a prospective employer, like Cygate, first must file an ETA-9089/ETA-750 Application for Alien Employment Certification with the DOL, requesting certification on behalf of the alien employee specified in the application.

9. If the application meets the requirements, the DOL will certify the ETA-9089/ETA-750 Application for Alien Employment Certification. Following receipt of the certified ETA-9089/ETA-750 Application for Alien Employment Certification, the prospective employer must then submit an I-140 Immigrant Petition for Alien Worker to USCIS requesting that USCIS classify the alien as eligible to apply for designation within a Specialty Occupation. A prospective employer must attach the original ETA-9089/ETA-750 Application for Alien Employment to that petition.

10. If USCIS grants an employer's I-140 Immigrant Petition for Alien Worker, the alien may then seek to obtain his or her Green Card and become a lawful permanent resident in the United States based on his or her history of employment with petitioning U.S. companies.

## CONSPIRACY TO COMMIT IMMIGRATION FRAUD

### Object of the Conspiracy

11. It was the object of the conspiracy for DASONDI and the Alien Employees to secure employment-based immigration status in the United States for the Alien Employees based on false and fraudulent documents submitted to government agencies under the penalty of perjury.

### Manner and Means of the Conspiracy

12. It was part of the conspiracy that the defendants prepared and submitted, and caused to be prepared and submitted, documents necessary to secure both H-1B Visas and Green Cards to various government agencies, which documents contained false statements and material misrepresentations, namely, that the Alien Employees actually worked for Cygate and were paid for that work when, in fact, the Alien Employees did not perform actual work for Cygate.

13.     It was further part of the conspiracy that the Alien Employees engaged in a process known as "Running the Payroll," by which aliens seeking temporary H-1B Visas were placed on the Cygate payroll, despite the fact they did not perform work for Cygate. On a monthly basis, the Alien Employees provided lump sum payments to DASONDI, often via check or money order. Among the notations found on the checks and money orders submitted to DASONDI by H1-B Visa aliens were: "pay stubs + HI + H1-visa," "payroll," and "paychecks + health insurance." A portion of the alien payments was returned to the Alien Employees in the form of concocted Cygate pay checks; a portion was used to pay state and federal taxes; in some case, a portion was used to pay for the Alien Employees' health insurance; and the remainder DASONDI used for his personal gain.

14.     It was further part of the conspiracy that DASONDI agreed with the Alien Employees to petition USCIS for Green Cards on behalf of the Alien Employees in exchange for fees of between ten and fifteen thousand dollars per card. Among the notations found on the checks and money orders submitted to DASONDI by the Alien Employees seeking Green Cards were: "GC" and "for Green Card + Health Insurance."

### Overt Acts

15.     In furtherance of the conspiracy, and to effect its object, the Alien Employees committed and caused to be committed the following overt acts, among others, in the District of New Jersey and elsewhere:

### KISHOR PARIKH

a.  On or about October 19, 2004, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of KISHOR PARIKH containing false statements and material misrepresentations pertaining to employment at Cygate.

b.  On or about May 1, 2006, 2006, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of KISHOR PARIKH containing false statements and material misrepresentations pertaining to employment at Cygate.

c.  From in or about 2004 through in or about 2007, KISHOR PARIKH made payments to DASONDI totaling at least $73,000 for DASONDI's use in Running the Payroll.

### DEVANG PATEL

d.  On or about September 23, 2002, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of DEVANG PATEL

   containing false statements and material misrepresentations pertaining to employment at Cygate.

e.  On or about September 6, 2005, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of DEVANG PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

f.  On or about May 22, 2006, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of DEVANG PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

g.  On or about December 17, 2007, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of DEVANG PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

h.  From in or about 2004 through in or about 2007, DEVANG PATEL made payments to DASONDI totaling at least $104,000 for DASONDI's use in Running the Payroll.

## VIMAL PATEL

i.  On or about August 19, 2003, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of defendant VIMAL PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

j.  On or about July 24, 2006, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of defendant VIMAL PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

k.  On or about September 8, 2006, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of defendant VIMAL PATEL containing false statements and material misrepresentations pertaining to employment at Cygate.

l.  From in or about 2004 through in or about 2007, VIMAL PATEL made payments to DASONDI totaling at least $98,000 for DASONDI's use in Running the Payroll.

## HETAL SHAH

m. On or about January 31, 2003, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of HETAL SHAH containing false statements and material misrepresentations pertaining to employment at Cygate.

n. On or about December 6, 2005, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of HETAL SHAH containing false statements and material misrepresentations pertaining to employment at Cygate.

o. On or about February 7, 2008, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of HETAL SHAH containing false statements and material misrepresentations pertaining to employment at Cygate.

p. From in or about 2004 through in or about 2007, HETAL SHAH made payments to DASONDI totaling at least $99,000 for DASONDI's use in Running the Payroll.

## CHETAN TRIVDEI

q. On or about September 15, 2003, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CHETAN TRIVEDI containing false statements and material misrepresentations pertaining to employment with Cygate.

r. On or about June 7, 2006, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker for a Nonimmigrant Alien Worker on behalf of CHETAN TRIVEDI containing false statements and material misrepresentations pertaining to employment with Cygate.

s. On or about September 10, 2007, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CHETAN TRIVEDI containing false statements and material misrepresentations pertaining to employment with Cygate.

t. On or about November 1, 2006, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of CHETAN TRIVEDI containing false statements and material misrepresentations pertaining to employment with Cygate.

u. From in or about 2004 through in or about 2007, CHETAN TRIVEDI made

payments to DASONDI totaling at least $71,000 for DASONDI's use in Running the Payroll.

## AJIT VYAS

v. On or about October 23, 2002, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of AJIT VYAS containing false statements and material misrepresentations pertaining to employment with Cygate.

w. On or about October 17, 2005, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of AJIT VYAS containing false statements and material misrepresentations pertaining to employment with Cygate.

x. On or about June 13, 2007, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of AJIT VYAS containing false statements and material misrepresentations pertaining to employment with Cygate.

y. On or about September 20, 2007, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of AJIT VYAS containing false statements and material misrepresentations pertaining to employment at Cygate.

z. On or about April 5, 2007, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of AJIT VYAS containing false statements and material misrepresentations pertaining to employment with Cygate.

aa. From in or about 2004 through in or about 2007, AJIT VYAS made payments to DASONDI totaling at least $58,000 for DASONDI's use in Running the Payroll.

## CC-1

bb. On or about March 16, 2004, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CC-1 containing false statements and material misrepresentations pertaining to employment with Cygate.

cc. On or about February 12, 2007, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CC-1 containing false statements and material misrepresentations pertaining to employment with

8

       Cygate.

dd.   On or about July 18, 2006, DASONDI filed and caused to be filed an I-140 Immigrant Petition for Alien Worker on behalf of CC-1 containing false statements and material misrepresentations pertaining to employment with Cygate.

### CC-2

ee.   On or about February 3, 2004, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CC-2 containing false statements and material misrepresentations pertaining to employment with Cygate.

ff.   On or about March 7, 2007, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CC-2 containing false statements and material misrepresentations pertaining to employment with Cygate.

gg.   On or about March 9, 2006, DASONDI filed and caused to be filed an I-129 Petition for a Nonimmigrant Alien Worker on behalf of CC-2 containing false statements and material misrepresentations pertaining to employment with Cygate.

hh.   From in or about 2004 through in or about 2007, CC-1 and CC-2 collectively made payments to DASONDI totaling at least $349,000 for DASONDI's use in Running the Payroll.